

**U.S. Department of Justice**

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

Ted Radway
Assistant United States Attorney

Judiciary Center
555 Fourth St., N W
Washington, DC  20001
(202) 252-7874 (office)
(202) 307-2304 (facsimile)
Ted.Radway@usdoj.gov

August 29, 2012

**FILED**

**OCT 0 9 2012**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Via Email

John O. Iweanoge, II
The Iweanoges' Firm, PC
Iweanoge Law Center
1026 Monroe Street, NE
Washington, DC 20017

CR 12-195 (ESH)

ORIG.

Re:     *Uche Ben Odunzeh*

Dear Mr. Iweanoge:

      This letter sets forth the full and complete plea offer to your client, Uche Ben Odunzeh, from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  This plea offer will expire on Friday **August 31, 2012.**  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

      **1.**    **Charges and Statutory Penalties:**   Mr. Odunzeh agrees to waive an Indictment and enter a plea of guilty to a one-count Information charging him with violating Title 18, United States Code, Section 1349 (Conspiracy to Commit Health Care Fraud, in violation of Title 18, United States Code, Section 1347).  Mr. Odunzeh understands that for Conspiracy to Commit Health Care Fraud, pursuant to Title 18, United States Code, Section 1349, the maximum sentence that can be imposed is 10 years of imprisonment; a fine pursuant to Title 18, United States Code, Section 3571(b) of $250,000.00 or a fine of twice the pecuniary gain or loss pursuant to Title 18, United States Code, Section 3571(d); a $100 special assessment; a three year term of supervised release, an order of restitution, an order of forfeiture, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

      **2.**    **Factual Stipulations:**   It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Odunzeh and

1

will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Odunzeh agrees that the attached "Statement of the Offense" fairly and accurately describes the offense to which he is pleading guilty and the relevant related conduct. It is anticipated that during the Rule 11 plea hearing, Mr. Odunzeh will adopt and sign the Statement of the Offense as a written proffer of evidence.

      **3.**    **Sentencing Guidelines Stipulations:**   Mr. Odunzeh understands that the sentence to be imposed in this case will be determined by the Court, pursuant to the factors set forth in Title 18, United States Code, 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2011) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Odunzeh understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the Government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Mr. Odunzeh further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. The parties agree that based on the facts currently known to the Government, the following is a correct calculation of all relevant Sentencing Guideline factors:

        **A.**    **Offense Level under the Sentencing Guidelines**

| | | | |
|---|---|---|---|
| | (a) | Base Offense Level<br>§ 2B1.1(a)(1) – Fraud and Deceit | 6 |
| | (b) | Specific Offense Characteristics<br>§ 2B1.1(b)(1)(G) – Loss more than $200,000 | 12 |
| | | *Stipulated Adjusted Offense Level Total* | *18* |

        **B.**    **Acceptance of Responsibility**

The Government agrees that a two level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and subsequent conduct prior to the imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional one level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

        **C.**    **Stipulated Guidelines Offense Level:**

Your client's stipulated **Guidelines Offense Level is 15.**

### D.    Criminal History Category

Based upon the information now available to this Office (including representations by the defense), your client has no prior convictions; therefore, your client's Criminal History Category is I. In addition, based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range at offense level 15, is eighteen (18) to twenty-four (24) months (the "Stipulated Guidelines Range"). In the event that this plea offer is either not accepted by Mr. Odunzeh or is accepted by Mr. Odunzeh but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.    **Agreement as to Sentencing Allocution:** The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, your client reserves the right to seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a), including but not limited to a departure under *U.S. v. Smith*, 27 F.3d 649 (D.C. Cir. 1994). The Government does not agree that any such departures or variances are appropriate.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has engaged in additional criminal conduct after signing this Agreement, or should your client attempt to leave the country.

5.    **Court Not Bound by the Plea Agreement:** It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

6.    **Court Not Bound by the Non-Mandatory Sentencing Guidelines:** It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Mr. Odunzeh acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw his plea of guilty should the Court impose a sentence outside the Guidelines range.

7. **USAO's Criminal Division Bound:** Mr. Odunzeh understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia.  This agreement does not bind the Civil Division of this Office, or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Odunzeh.

8. **Financial Arrangements:**

   A. **Restitution**

   In addition to other penalties provided by law, the Court may order that your client make restitution under 18 U.S.C. § 3663A.  Your client also agrees to pay restitution to the District of Columbia in the amount of $277,383.74.  ~~Mr. Odunzeh further agrees to provide a certified check for $277,383.74, payable to the Clerk of the Court, no later than the date of the sentencing hearing as a payment against the restitution order.~~

   Mr. Odunzeh agrees that, within 10 days of the receipt of this plea agreement, he will submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs.  Mr. Odunzeh promises that his financial statement and disclosures will be complete, accurate, and truthful.  In addition, Mr. Odunzeh expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate his ability to satisfy any financial obligations imposed by the Court or agreed to herein.  Mr. Odunzeh understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States.

   If the Court imposes an additional schedule of payments, Mr. Odunzeh understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If Mr. Odunzeh is sentenced to a term of imprisonment by the Court, Mr. Odunzeh agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs the participation or imposes a schedule of payments.  Mr. Odunzeh certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Agreement and/or that may be imposed upon him by the Court.  In addition, Mr. Odunzeh promises that he will make no such transfers in the future until he has fulfilled the financial obligations under this agreement.

   B. **Forfeiture**

   (a)   Mr. Odunzeh agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Information to which he is pleading guilty.  Specifically, your client agrees to the forfeiture of a money judgment in favor of the United States for $277,383.74, which is equal to the value of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense of Conspiracy to Commit Health Care Fraud.  Your

4

client's consent includes his waiver, hereby, of any objection he might make to the conduct of any forfeiture process for any or all of these items.

      (b)     Additionally, your client consents to the forfeiture of all of his interest, whatever it might be, in all items seized by any law enforcement agents during the investigation leading up to your client's arrest on the charge to which he is pleading guilty, including anything seized after that arrest. Although not limited to this, your client's consent includes his waiver, hereby, of any objection he might be able to make to the conduct of any forfeiture process for any or all of these items, including a failure to give your client timely notice during the conduct of any forfeiture proceedings, whether administrative or judicial.

      (c)  Mr. Odunzeh agrees that the proffer of evidence supporting his guilty plea is sufficient evidence to support this forfeiture. Mr. Odunzeh agrees that the Court may enter a preliminary Consent Order of Forfeiture for the money judgment at the time of his guilty plea or at any time before sentencing. Mr. Odunzeh agrees that the Court will enter a Final Order of Forfeiture for the money judgment as part of his sentence.

      (d)  Mr. Odunzeh agrees that this plea agreement permits the Government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset. Regarding any asset or property not identified specifically in this plea agreement, Mr. Odunzeh agrees to forfeiture of all interest in: (1) any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense to which he is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. *See* 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p).

      (e)  Mr. Odunzeh agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, Mr. Odunzeh agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Mr. Odunzeh understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

      (f)  Mr. Odunzeh agrees to take all necessary actions to identify all assets over which he exercises or exercised control, directly or indirectly, at any time since January 1, 2008, or in which he has or had during that time any financial interest. Mr. Odunzeh agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by Mr. Odunzeh. Mr. Odunzeh agrees that, within 10 days of the receipt of this plea agreement, he will submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Mr. Odunzeh further agrees to provide and/or consent to the release of his tax returns for the previous five years, even if such returns are joint

marital returns.  Mr. Odunzeh agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.  Mr. Odunzeh agrees to take all necessary steps to repatriate any property subject to forfeiture that is located outside of the United States.

(g)  Mr. Odunzeh agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

9.   **Government Concessions:**  In exchange for his guilty plea, the Government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Mr. Odunzeh continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by:  (a) cooperating with the pre-sentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this Agreement; and (d) abiding by the conditions set for his release by the Court.  Also, subject to other paragraphs in this Agreement, the Government will not bring any additional criminal charges against Mr. Odunzeh in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the allegations outlined in the Information and Statement of Offense.  This agreement not to prosecute Mr. Odunzeh does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. Code § 23-1331(4).  It is understood that the Government has no evidence, as of the date of this Agreement, of any crimes of violence involving Mr. Odunzeh.  The Government also agrees not to oppose Mr. Odunzeh's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Odunzeh continues to show his acceptance of responsibility.

The United States reserves the right to inform the pre-sentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the pre-sentence report or in any Court filings or statements made by or on behalf of Mr. Odunzeh, and to contest any matters not provided for in this Plea Agreement.

If in this Plea Agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.  In addition, the Government reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to Mr. Odunzeh's criminal activities.

10.   **Breach of Agreement:**  Mr. Odunzeh understands and agrees that if, after entering this Plea Agreement, he fails specifically to perform or to fulfill completely each and every one of his obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, or attempts to leave the United States voluntarily, he will have breached this Plea Agreement.  In the event of such a breach:  (a) the Government will be free from its obligations under the Agreement; (b) Mr. Odunzeh will not have the right to withdraw the guilty plea; (c) Mr.

Odunzeh shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against him, directly and indirectly, in any criminal or civil proceeding, all statements made by Mr. Odunzeh and any of the information or materials provided by him, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including Mr. Odunzeh's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Mr. Odunzeh acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Mr. Odunzeh knowingly and voluntarily waives the rights which arise under these rules.

Mr. Odunzeh understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Mr. Odunzeh further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit Mr. Odunzeh to commit perjury, to make false statements or declarations, to obstruct justice, or to protect Mr. Odunzeh from prosecution for any crimes not included within this Agreement or committed by Mr. Odunzeh after the execution of this Agreement. Mr. Odunzeh understands and agrees that the Government reserves the right to prosecute him for any such offenses. Mr. Odunzeh further understands that any perjury, false statements or declarations, or obstruction of justice relating to his obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, Mr. Odunzeh will not be allowed to withdraw this guilty plea.

11. **Waiver of Statute of Limitations:** It is further agreed that should the conviction following Mr. Odunzeh's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against Mr. Odunzeh, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

12. **Waiver of Appeal:** Mr. Odunzeh is aware that federal law, specifically Title 18, United States Code, Section 3742, affords him the right to appeal his sentence. Mr. Odunzeh is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Judge. Knowing that, Mr. Odunzeh waives the right to appeal his sentence and the manner in which it was determined pursuant to Title 18, United States Code, Section 3742, except to the extent that (a) the Court fails to comply with Rule 11 of the Federal Rules of Criminal Procedure, (b) the Court sentences Mr. Odunzeh to a period of imprisonment longer than the statutory maximum or higher than a range

corresponding to a total offense level 23, or (c) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §§ 5K2. Further, Mr. Odunzeh reserves his right to make a collateral attack upon his sentence pursuant to Title 28, United States Code, Section 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, Mr. Odunzeh is aware that his sentence has not yet been determined by the Judge. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, Mr. Odunzeh knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

13. **Deportation:** Mr. Odunzeh acknowledges that you have fully explained to him the immigration consequences of this Plea Agreement, and he will not challenge his conviction or try to revoke his plea based on any actual immigration consequences, including but not limited to his being deported from and permanently barred entry into the United States.

14. **Complete Agreement:** No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Odunzeh, his counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

By: _____
Ted L. Radway
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, John O. Iweanoge, II, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 8-31-12

Uche Ben Odunzeh
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9/4/12

John O. Iweanoge, II, Esq.
Attorney for the Defendant